IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:20-CR-053-P |
| CHARITY CANTU (01) | |

## FACTUAL RESUME

The defendant is pleading guilty to count one of the information. The information charges use of a facility of interstate commerce in aid of a racketeering enterprise, in violation of 18 U.S.C. §§ 1952(a)(3) and (A).

## MAXIMUM PENALTY

a.   imprisonment for a period not to exceed five years;

b.   a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c.   a term of supervised release of not more than 3 years, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d.   a mandatory special assessment of $100;

e.   restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f.   costs of incarceration and supervision; and

g.   forfeiture of property.

Factual Resume—Page 1

## ELEMENTS OF THE OFFENSE

In order to prove the offense alleged in count one of the superseding information, the government must prove each of the following elements beyond a reasonable doubt:

*First.*   That the defendant used or caused to be used a facility in interstate or foreign commerce;

*Second.*   That the defendant did so with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on, of any unlawful activity; and

*Third.*   That subsequent to the use of a facility of interstate or foreign commerce, the defendant did knowingly and willfully promote, manage, establish, or carry on such unlawful activity.[1]

## STIPULATED FACTS

**Charity Cantu** admits that beginning on or about July of 2019, and continuing through on or about October 12, 2019, the exact dates being unknown, in the Fort Worth Division of the Northern District of Texas and elsewhere, she used facilities in interstate commerce, namely cellular phones, hotels and the internet, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is a business enterprise involving compelling prostitution in violation of Texas Penal Code Sec. 43.05(a)(2), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

On October 12, 2019, law enforcement observed on the internet an advertisement offering sex for a fee on an escort website, Escort Alligator.com. The advertisement was titled "No Condom Sex" and displayed photographs of two different black females dressed in lingerie. On one of the pictures of a black female there was text that stated "ASK ABOUT MY TWO GIRL SHOW". The ad also contained a cellular telephone contact number.

---

[1] The unlawful activity Charity Cantu furthered was a criminal enterprise involving compelling prostitution, which is a violation of Texas Penal Code Section 43.05(a)(2). One violates Texas Penal Code Section 43.05(a)(2) by knowingly causing by any means a child younger than 18 years to commit prostitution, regardless of whether the defendant knows the age of the child at the time.

In an undercover capacity and using a cellular telephone, law enforcement arranged for the two females to travel to room 126 of the Fairfield Inn located 6851 West Freeway, Fort Worth, Texas for the purported purpose of engaging in sexual intercourse for a fee of $300 for one hour.

Upon arrival, **Cantu** and MV1, the same individuals depicted in the advertisement, proceeded to room 126 where law enforcement detained them. Law enforcement ascertained that MV1 was seventeen years-old. **Cantu** stated that she and MV1 had been engaged in prostitution for a period of three months prior to October 12, 2019. **Cantu** advised that when she returned to Fort Worth after a trip to Washington D.C. another individual, W.S., introduced MV1 to **Cantu**. W.S. told **Cantu** that **Cantu** was to groom and train MV1 as a prostitute. W.S. would pay for the hotel rooms that were utilized for sex acts. **Cantu** and MV1 lived in a hotel room from late July 2019 through October 2019. **Cantu** explained that both she and W.S. knew that MV1 was under the age of eighteen. At the direction of W.S., **Cantu** mentored MV1 in how to engage in prostitution. **Cantu** provided MV1 with clothing, hygiene items, food, and having her hair and make-up done. **Cantu** told law enforcement that she posted advertisements for sex on the internet using her cell phone. **Cantu** also utilized hotels to meet customers for commercial sex acts, at times including MV1. Most of the cash received from the customers of **Cantu** was transferred to W.S.

The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to count one of the information.

AGREED TO AND STIPULATED on this 21 day of February, 2020.

_____      _____
CHARITY CANTU                                              BROOK ANTONIO
Defendant                                                        Counsel for Defendant

Factual Resume—Page 3